IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

Raemona Sue Perry, individually and as
Personal Representative of the Estate of
Louis G. Perry, deceased,

    Plaintiff,

v.

Bebe Bridges and Craig Ladd,

    Defendants.

Case No. 12-CIV-310-RAW

**ORDER TO CLARIFY**

On June 14, 2013, this court entered an order granting Plaintiff's Motion to Dismiss [Docket No. 77]. This order is to clarify the court's previous order.

The complaint in this matter asserted claims against the Defendants for both federal and state causes of action. Plaintiff requested the court dismiss her federal causes of action, which the court previously granted.

Having granted the motion to dismiss, the court has discretion to decide whether to exercise supplemental jurisdiction over any remaining state law claims. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction . . . ."); Panis v. Mission Hills Bank, N.A., 60 F.3d 1486, 1492 (10th Cir. 1995). In deciding whether to retain jurisdiction, the court considers and weighs judicial economy, convenience, fairness and comity. Fitzgerald v. Corrections Corp. of Am.,

403 F. 3d 1134, 1145 (10th Cir. 2005). Furthermore, in weighing these considerations, as the state courts are best situated to hear the state law claims, the Tenth Circuit has noted that "the most common response to a pretrial disposition of federal claims has been to dismiss the state law claim or claims without prejudice." Ball v. Renner, 54 F.3d 664, 669 (10th Cir. 1995). It is the decision of this court, therefore, not to exercise supplemental jurisdiction over any remaining state law claims and to dismiss those claims without prejudice.

Dated this 20th day of June, 2013.

**Dated this 20th day of June, 2013.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma